**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Daniel Dinsmore and Lucille Dinsmore, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | No. | 10 C 8227 |
| ) | | |
| Allied Interstate, Inc., a Minnesota ) | | |
| corporation, ) | | |
| ) | | |
| Defendant. ) | | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiffs, Daniel Dinsmore and Lucille Dinsmore, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and allege:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiffs reside here; and, c) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiffs, Daniel Dinsmore and Lucille Dinsmore ("Dinsmore"), are citizens of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt owed for a Capital One credit card, despite the fact that they were

represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Allied Interstate, Inc. ("Allied") is a Minnesota corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant Allied operates a nationwide debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Allied was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Mr. and Mrs. Dinsmore.

5. Defendant Allied is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Allied conducts business in Illinois.

6. Moreover, Defendant Allied is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Allied acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

7. Mr. and Mrs. Dinsmore are senior citizens, with limited assets and income, who fell behind on paying their bills, including a debt they owed for a Capital One credit card. When Defendant Allied began trying to collect this debt from Mr. and Mrs. Dinsmore, they sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding their financial difficulties and Defendant Allied's collection actions.

8. Accordingly, via a letter dated February 16, 2010, one of the Dinsmores' attorneys at LASPD informed Defendant Allied, in writing, that they were represented by counsel, and directed Defendant Allied to cease contacting them, and to cease all further collection actions because Mr. and Mrs. Dinsmore were forced, by their financial circumstances, to refuse to pay their unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

9. Nonetheless, during May, 2010, Defendant Allied's debt collectors repeatedly called Mr. and Mrs. Dinsmore directly, via telephone, from telephone number 866-839-1652, to demand payment of the Capital One debt.

10. Accordingly, on May 24, 2010, Mr. and Mrs. Dinsmore's LASPD attorney had to send Defendant another letter, demanding that they cease communications and cease collections. Copies of this letter and fax confirmation are attached as Exhibit D.

11. Defendant Allied's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant Allied's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13. Plaintiffs adopt and reallege ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from

continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

15.     Here, the letter from Mr. and Mrs. Dinsmore's agent, LASPD, told Defendant Allied, in writing (Exhibit C), to cease communications and cease collections. By continuing to communicate regarding this debt and demanding payment, Defendant violated § 1692c(c) of the FDCPA.

16.     Defendant Allied's violations of § 1692c(c) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

17.     Plaintiffs adopt and reallege ¶¶ 1-12.

18.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

19.     Defendant knew that Mr. and Mrs. Dinsmore were represented by counsel in connection with their debts because their attorneys at LASPD had informed Defendant Allied, in writing (Exhibit C), that they were represented by counsel, and had directed Defendant to cease directly communicating with Mr. and Mrs. Dinsmore.  By directly calling Mr. and Mrs. Dinsmore, despite being advised that they were represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

20.     Defendant Allied's violations of § 1692c(a)(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiffs, Daniel Dinsmore and Lucille Dinsmore, pray that this Court:

1. Find that Defendant Allied's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiffs Mr. and Mrs. Dinsmore, and against Defendant Allied, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiffs, Daniel Dinsmore and Lucille Dinsmore, demand trial by jury.

Daniel Dinsmore and Lucille Dinsmore,

By: /s/ David J. Philipps
One of Plaintiffs' Attorneys

Dated: December 28, 2010

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com